**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq. (CA Bar No. 330990)
1925 Century Park E #1700
Los Angeles, CA 90067
Telephone: 305-975-3320
scott@edelsbergalaw.com

*Counsel for Plaintiff and Proposed Classes*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

CHARLENE ANDREWS, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

UPBOOST FUNDING LLC.,

Defendant.

Case No.

**CLASS ACTION**

**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE SOLICITATION ACT 47 U.S.C. § 227, ET SEQ. (TCPA)**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

1. Plaintiff, Charlene Andrews ("Plaintiff"), brings this action against Defendant, UpBoost Funding LLC ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

2. This is a class action under 47 U.S.C. § 227 et seq., the Telephone Consumer Protection Act ("TCPA").

3. This case arises from Defendant's transmission of multiple unauthorized text messages to cellular telephones and violations of the National Do Not Call Registry of Plaintiff and others, without regard to consumers' consent or privacy rights, even after consumers opt out from Defendant's messages.

4. Defendant is a limited liability company engaged in providing funding and financial services to consumers based out of California.

5. To promote its goods and services, Defendant engages in aggressive telephonic sales calls and text message campaigns to consumers with no regard for consumers' rights under the TCPA, even after customers opt out from Defendant's telephonic sales calls and text messages.

6. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of herself and members of the classes, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

7. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332 as the amount in controversy exceeds the sum of $75,000. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a class, which will result in at least one class member

belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

8. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is headquartered within this District, Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services from within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred from within the Central District of California and, on information and belief, Defendant has sent the same text messages complained of by Plaintiff to other individuals from within this judicial district, such that some of Defendant's acts in making such calls have occurred from within this district, subjecting Defendant to jurisdiction in the Central District of California.

**PARTIES**

9. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Onondaga County, New York.

10. Plaintiff is, and at all times relevant hereto was, an individual and the sole subscriber of the residential telephone number ending in 3813 (the "3813 Number") that received Defendant's telemarketing text messages.

11. Defendant is a California limited liability company whose principal place of business is at 6789 Quail Hill, Irvine, CA 92603.

12. Defendant directs, markets, and provides its business activities throughout the United States and the State of California.

13. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

**FACTS**

14. Beginning at least on January 2026, Defendant sent or caused to be sent multiple telemarketing text messages to Plaintiff's 3813 Number, from Defendant's (844) 321-8704 number.

15. Prior to Plaintiff's first opt-out request, Defendant sent telemarketing text messages to Plaintiff's 3813 Number on the following dates: January 2, 2026, January 5, 2026, January 7, 2026, January 9, 2026, January 10, 2026, and January 13, 2026, as show below:







16. On or about January 13, 2026, Plaintiff made an unequivocal opt-out request by responding "Stop" to Defendant's (844) 321-8704 number, using clear and unambiguous opt-out language to opt out of any further text message communications with Defendant (as shown above).

17. In response to Plaintiff's opt-out request, Defendant sent an automated confirmation message stating: "NETWORK MSG: You replied with the word 'stop' which block all texts sent from this number. (…).", as hown below:




18. Despite Plaintiff's unequivocal opt-out request and Defendant's own confirmation that all texts would be blocked, Defendant ignored Plaintiff's opt-out request and continued to bombard Plaintiff with more unwanted telemarketing text messages on the following dates after the opt-out: January 27, 2026, January 30, 2026, (as shown above), February 2, 2026, February 4, 2026, February 6, 2026, as shown below:




19. On or about February 6, 2026, Plaintiff sent a second opt-out request by responding "Not interested" to Defendant, again clearly communicating her desire not to receive further text messages, as shown below:




20. Despite Plaintiff's clear request to stop, Defendant continued to send additional unsolicited telemarketing text messages to Plaintiff, on February 9, 2026, February 11, 2026, February 13, 2026 (as shown above).

21. Due to Defendant's continued transmission of telemarketing text messages, Plaintiff was forced to send a third opt out request after she received another text message on February 14, 2026, stating "No", using clear an unambiguous opt out language, as shown below:




22. Defendant ignored this request and continued to send additional telemarketing text messages, on the following dates: February 16, 2026, February 18, 2026, February 20, 2026, as shown below:




23. As a result of Defendant's continued unwanted text messages, Plaintiff was forced to submit a fourth opt-out request on February 20, 2026, replying "Stop" in yet another attempt to end the repeated telemarketing communications, as shown below:




24. Defendant confirmed Plaintiff's opt-out request by sending a text message stating "NETWORK MSG: You replied with the word "stop" which blocks all text sent from this number (…)"

25. Defendant continued to send telemarketing text messages to Plaintiff even after Plaintiff unequivocally revoked any consent by submitting multiple opt-out requests, on or about March 4, 2026 (twice), March 6, 2026, March 7, 2026, March 9, 2026, and March 10, 2026, as shown below:


9:44
+1 (844) 321-8704
Wed, Mar 4 at 11:34 AM
Hi Charlene, this is Alexis from Upboost Funding. I see that you recently requested a loan for $40,000. I was able to get your pre-approved. Do you have a few mins to discuss next steps? You can also reach us on (844) 321-8704.
Text End to opt out
Wed, Mar 4 at 1:35 PM
Hi Charlene, Upboost Funding here. Just checking in to see if you received my previous message. Is now a better time to give you a call?
Thu, Mar 5 at 12:40 PM
Hi Charlene, Can I call you now to go over your $40,000 personal loan? Or call us at (844) 321-8704. If you no longer need it, just let me know. I appreciate it
Fri, Mar 6 at 3:59 PM
Hi Charlene, Don't want to
Text Message • SMS


+1 (844) 321-8704
Fri, Mar 6 at 3:59 PM
Hi Charlene, Don't want to bother you. Do you have time now for a quick call? Or call us at (844) 321-8704. If the $40,000 is no longer needed, let me know. I appreciate it.
Sat, Mar 7 at 12:30 PM
Hi Charlene. Let me know if you no longer need $40,000, otherwise have a few minutes now to discuss?
You can also call at (844) 321-8704 to connect with us.
Mon, Mar 9 at 4:37 PM
Charlene, this is Alexis from Upboost Funding following up regarding your $40,000 personal loan. If not interested, just let me know. Otherwise, is now a better time to talk? Or you can also reach us on (844) 321-8704
Tue, Mar 10 at 2:33 PM
Hi Charlene, this is Upboost

26. On or about March 10, 2026, after Defendant continued to send unwanted messages, Plaintiff sent a fifth opt-out request by responding "Stop" to Defendant, as shown below:




27. This prolonged pattern of violations demonstrates Defendant's complete failure to maintain any functional internal do-not-call procedures and its deliberate choice to ignore consumer opt-out requests over an extended period.

28. Defendant has the capability of immediately complying with Plaintiff's opt-out requests.

29. As demonstrated by the above, Defendant does not honor reasonable consumer requests to opt-out of text message solicitations. Indeed, Plaintiff attempted to opt-out of Defendant's telephone solicitations by telling Defendant "Stop" "not interested" and "No", but Defendant continued to text message Plaintiff intentionally disregarding Plaintiff's instructions in order to solicit the sale of its services to Plaintiff.

30. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive text messages from Defendant.

31. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not have a written policy, available upon demand, for maintaining a do-not-call list.

32. Defendant failed to place Plaintiff on an internal do-not-call list after Plaintiff's explicit opt-out instructions.

33. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not provide training to its personnel engaged in telemarketing on the use and existence of a do-not-call list.

34. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not maintain an internal do-not-call list.

35. Defendant did not maintain the required procedures for handling and processing opt-out requests prior to the initiation of the violative text messages it sent to Plaintiff as reflected by the fact that Plaintiff made multiple opt-out requests and those requests were never processed; they were ignored by Defendant and its employees and Defendant continued to send text messages for more than two months after the initial opt-out request.

36. These facts strongly suggest that Defendant fails to ensure that requests by Plaintiff and the Class members to opt-out of future communications are honored within a reasonable time.

37. Indeed, Plaintiff's and the class members opt-out requests were not honored within a reasonable time from when the opt-out request was made.

38. Defendant's text messages were transmitted to Plaintiff's residential cellular telephone, and within the time frame relevant to this action.

39. Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., promoting Defendant's funding and financial services.

40. The information contained in the text messages advertises Defendant's various services and promotions, which Defendant sends to promote its business.

41. Upon information and belief, Defendant does not have a written policy for maintaining an internal do not call list pursuant to 47 C.F.R. § 64.1200(d)(1).

42. Upon information and belief, Defendant does not inform and train its personnel engaged in telemarketing in the existence and the use of any internal do not call list pursuant to 47 C.F.R. § 64.1200(d)(2).

43. Defendant sent the subject texts from within this judicial district and, therefore, Defendant's violations of the TCPA occurred from within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

44. Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

45. At no point in time did Plaintiff provide Defendant with her express written consent to be contacted.

46. Specifically, Plaintiff never completed any type of form that clearly and conspicuously authorized Defendant to contact Plaintiff's residential cellular telephone with marketing text messages.

47. Plaintiff has no existing business relationship with Defendant.

48. To the extent that Defendant ever had any consent to contact Plaintiff for marketing purposes, that consent was expressly revoked on at least January 13, 2026, when Plaintiff responded to Defendant with the message “Stop”.

49. Plaintiff is the subscriber and sole user of the 3813 Number and is financially responsible for it.

50. Plaintiff's 3813 Number is her residential number which she uses for personal purposes.

51. Plaintiff registered her 3813 Number with the national do-not-call registry on April 8, 2023, and has been registered at all times relevant to this action.

52. The TCPA’s implementing regulation, 47 C.F.R. § 64.1200(c), provides that “[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government.”

53. The text messages originated from at least telephone number (844) 321-8704, a number which upon information and belief is owned and operated by Defendant or on behalf of Defendant.

54. Upon information and belief, Defendant has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members. Defendant also has access to text message logs showing Plaintiff's and the Class members’ inbound opt-out requests.

55. Defendant’s unwanted telemarketing text messages caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant’s text messages also inconvenienced Plaintiff and caused disruption to her daily life.

56. Defendant's unwanted telemarketing text messages caused Plaintiff actual harm. Specifically, Plaintiff estimates that she has wasted fifteen to thirty seconds reviewing each of Defendant's unwanted messages. Each time, Plaintiff had to stop what she was doing to either retrieve her phone and/or look down at the phone to review the message.

57. Next, Plaintiff wasted approximately fifteen minutes locating and retaining counsel for this case in order to stop Defendant's unwanted text messages. In all, Defendant's violations of the TCPA caused Plaintiff to waste at least fifteen minutes of her time in addressing and attempting to stop Defendant's solicitations. Additionally, the deliberate nature of Defendant's violations, continuing to send messages after her express opt-out requests, caused Plaintiff significant additional time loss and frustration over a period of more than two months.

## CLASS ALLEGATIONS

### PROPOSED CLASSES

58. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated.

59. Plaintiff brings this case on behalf of the following "Classes" defined as follows:

> **Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of promoting Defendant's products and services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.**

> **<u>National Internal Do Not Call Class</u>: All persons within the United States who, within the four years prior to the filing of this Complaint, (1) received at least two text messages within any 12-month period; (2) from Defendant or on Defendant's behalf; (3) for the purpose of promoting Defendant's products and services; (4) to the person's personal telephone number; (5) while Defendant did not institute procedures that met the minimum standards required by 47 C.F.R. § 64.1200(d)(1)-(6).**

60. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in each Class but believes the Class members number in the several thousands, if not more.

61. Also excluded from the Classes are persons who, after making a request to Defendant to not receive future text messages, subsequently affirmatively opted-in to receive text messages from Defendant.

**<u>NUMEROSITY</u>**

62. Upon information and belief, Defendant has sent unsolicited text messages to telephone numbers belonging to thousands of consumers listed throughout the United States without their prior express written consent and/or after they had requested to opt-out. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

63. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's text message records.

**<u>COMMON QUESTIONS OF LAW AND FACT</u>**

64. There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Classes are:

a) Whether Defendant initiated telephonic sales calls to Plaintiff and the Class members;

b) Whether Defendant violated 47 C.F.R. § 64.1200(c) by sending text messages to numbers on the Do Not Call Registry;

c) Whether Defendant violated 47 C.F.R. § 64.1200(d);

d) Whether Defendant adhered to requests by class members to stop sending text messages to their telephone numbers;

e) Whether Defendant keeps records of text recipients who revoked consent to receive texts;

f) Whether Defendant has any written policies for maintaining an internal do not call list;

g) Whether Defendant's conduct was knowing and willful; and

h) Whether Defendant is liable for damages, and the amount of such damages.

65. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text message solicitations and telemarketing messages to consumers after they had requested to be opted out, and/or while they were registered on the DNC Registry and at times prohibited by law, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

66. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

67. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff

is an adequate representative and will fairly and adequately protect the interests of the Classes.

**SUPERIORITY**

68. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

69. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

**COUNT I**
**Violation of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

70. Plaintiff repeats and re-alleges paragraphs 1 through 69 of this Complaint and incorporates them by reference herein.

71. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

72. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

73. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

74. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

75. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

76. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

77. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**COUNT II**
**<u>Violation of 47 U.S.C. § 227(c)(2)</u>**
**(Individually and on Behalf of the National Internal Do Not Call Class)**

78. Plaintiff re-alleges and incorporates paragraphs 1 through 69 as if fully set forth herein.

79. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

80. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> (3) Recording, disclosure of do-not-call requests. If a person or entity making an artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making such calls (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed ten (10) business days from the receipt of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the call is made, the person or entity on whose behalf the call is made will be liable for any failures to honor the do-not-call request. A person or entity making an artificial or prerecorded- voice telephone call

> pursuant to an exemption under paragraphs (a)(3)(ii) through (v) or any call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a call is made or an affiliated entity
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d)(3), (6).

81. Under 47 C.F.R. § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "*Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.*"

47 C.F.R. § 64.1200(e).

82. Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive telemarketing messages from Defendant.

83. Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' requests.

84. Defendant continued to send telemarketing calls and messages to Plaintiff more than ten (10) business days after Plaintiff's opt-out request.

85. Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of their behalf, pursuant to 47 C.F.R. § 64.1200(d).

86. Because Plaintiff and the Internal Do Not Call Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

87. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

88. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

89. Plaintiff and the Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

90. Plaintiff and the National Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

**COUNT III**
**Knowing and/or Willful Violations of the TCPA**
**(On Behalf of Plaintiff and the Classes)**

91. Plaintiff re-alleges and incorporates paragraphs 1 through 69 as if fully set forth herein.

92. At all times relevant, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

93. Defendant knew that it did not have prior express consent to transmit telemarketing text messages and knew or should have known that its conduct was a violation of the TCPA.

94. Defendant knew or should have known that Plaintiff's number was on the National Do Not Call Registry and that sending text messages to such numbers violated federal regulations.

95. Defendant knew or should have known that continuing to send telemarketing text messages after receiving Plaintiff's explicit opt-out request "Stop" and after sending its own automated confirmation acknowledging the opt-out violated 47 C.F.R. § 64.1200(d) and related TCPA provisions requiring entities to maintain internal do-not-call procedures.

96. Because Defendant knew or should have known that Plaintiff and Class Members had not given prior express consent to receive its telemarketing text messages and that their numbers were on the National Do Not Call Registry, and that Plaintiff's explicit opt-out demand was being ignored for more than two months despite multiple repeated requests, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Classes pursuant to § 227(c)(5) of the TCPA.

97. As a result of Defendant's violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

b) A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

c) An injunction requiring Defendant to implement and maintain proper internal do-not-call procedures in compliance with 47 C.F.R. § 64.1200(d);

d) An injunction requiring Defendant to cease all text message solicitations to numbers on the Do Not Call Registry, and to otherwise protect the interests of the Classes;

e) An award of actual and statutory damages for Plaintiff and each member of the Classes;

f) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Classes, hereby demands a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: June 18, 2026

Respectfully submitted,

By: */s/ Scott Edelsberg*

**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq. (CA Bar No. 330990)
1925 Century Park E #1700
Los Angeles, CA 90067
Telephone: 305-975-3320
scott@edelsberglaw.com

*Counsel for Plaintiff and the Proposed Classes*